UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**DANIEL J. WILSON and**            )
**ANGELA L. LAGROSS-WILSON,**       )
                                    )
      Plaintiffs,          )   Civil Action No.
                                    )   18-12191-FDS
      v.                    )
                                    )
**FAY SERVICING, LLC, and**         )
**WILMINGTON TRUST, NATIONAL**      )
**ASSOCIATION, not in its individual** )
**capacity but solely as trustee for** )
**MFRA Trust 2014-2,**              )
                                    )
      Defendants.           )
_____ )

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND AND DEFENDANTS' MOTION TO DISMISS

**SAYLOR, J.**

      This is an action arising out of a mortgage foreclosure. Plaintiffs Daniel Wilson and Angela Lagross-Wilson filed this suit against the foreclosing mortgagee, defendant Wilmington Trust, not in its individual capacity but solely as trustee for MFRA Trust 2014-2, and its mortgage servicer, defendant Fay Servicing, LLC. Jurisdiction is based on diversity of citizenship.

      The proposed amended complaint alleges that in 2017, Fay offered the Wilsons a trial period plan ("TPP") for modifying their mortgage, which they accepted. It alleges that the TPP was a binding contract supported by consideration; that the Wilsons sent all six required payments to Fay in the months that they were due under the TPP; and defendants nonetheless refused to modify the mortgage, thereby breaching the contract.

The proposed amended complaint asserts one claim for breach of contract against Wilmington Trust and Fay. Wilmington Trust and Fay have moved to dismiss the complaint for failure to state a claim upon which relief can be granted.

For the following reasons, the motion for leave to amend will be granted, and the motion to dismiss will be denied.

## I. Background

Unless otherwise noted, the following facts are drawn from the proposed amended complaint, documents referred to in the proposed amended complaint, and the accompanying exhibits.[1]

### A. Factual Background

Daniel Wilson and Angela Lagross-Wilson are residents of Massachusetts and the owners of the subject property in Billerica, Massachusetts. (Proposed Am. Compl. ¶¶ 5, 10).

Wilmington Trust, National Association is a banking company and a trustee of the securitized mortgage-backed trust named MFRA Trust 2014-2. (*Id.* ¶¶ 7, 16). Wilmington Trust is headquartered in Wilmington, Delaware. (*Id.* ¶ 7).

Fay Servicing, LLC is a residential mortgage-servicing company headquartered in Springfield, Illinois. (*Id.* ¶ 6).

On August 3, 2005, the Wilsons acquired the subject property. The deed evidencing transfer of the ownership of the property was recorded in the Middlesex North Registry of Deeds

---

[1] Because the motion to amend will be granted, as discussed below, the Court will use the facts as stated in the proposed amended complaint for purposes of the motion to dismiss.

The Court will also consider the copies of various assignments and other documents submitted by defendants that were recorded in the Middlesex North or Middlesex South Registry of Deeds, as these documents were referred to in the proposed amended complaint and their authenticity is not disputed. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

on August 5, 2005. (*Id.* ¶ 11).

On August 5, 2005, the Wilsons were granted a mortgage loan, secured by the property, in the amount of $459,000, which was recorded in the Middlesex North Registry of Deeds that same day. (*Id.* ¶ 12; Defs.' Ex. 1). The mortgage identified National City Mortgage, a division of National City Bank of Indiana, as the lender and mortgagee. (*Id.*).

Eventually, through assignment and merger, the mortgage was transferred to Bank of America, N.A. (Proposed Am. Compl. ¶¶ 13, 14; Defs.' Exs. 2, 3).

At some point, the Wilsons fell behind on their mortgage payments. On February 5, 2016, Bank of America filed an order of notice in the Massachusetts Land Court pursuant to the Servicemembers Relief Act, 50 U.S.C. § 3901 *et. seq.*, to determine the servicemember status of the Wilsons for the purpose of initiating foreclosure action against them. That order of notice was recorded in the Middlesex North Registry of Deeds on March 7, 2016. (Proposed Am. Compl. ¶ 15).

On August 31, 2016, Bank of America assigned the mortgage to Wilmington Trust, N.A. That assignment was recorded in the Middlesex North Registry of Deeds on September 5, 2016. The assignment to Wilmington Trust was executed by Charles R. Hall, Vice President of Orion Financial Group, attorney-in-fact for Bank of America. (*Id.* ¶¶ 16-17; Defs.' Mot. to Dismiss at 3; Ex. 4). A limited power of attorney authorizing Orion to take such an action was executed by Bank of America on April 14, 2016, and thereafter recorded in the Middlesex South Registry of Deeds. (Defs.' Ex. 5).[2]

At some point, Fay became the servicer of the mortgage. (Proposed Am. Compl. ¶ 20).

---

[2] The proposed amended complaint still alleges that "no power of attorney granting Charles R. Hall, or Orion Financial Group, Inc., authority to execute said assignment on behalf of Bank of America, N.A., has ever been recorded with the Middlesex North Registry of Deeds. Therefore, the August 31, 2016 assignment is void." (Proposed Am. Compl. ¶ 18). This language now appears to be surplusage.

On March 15, 2017, after the Wilsons applied to Fay for mortgage assistance, Fay offered them a Trial Period Plan ("TPP"). Pursuant to the TPP, payments of $3951.10 were due on May 1, June 1, July 1, August 1, September 1, and October 1, 2017. The TPP specifically states that "[Fay] must receive each payment in the month in which it is due . . . ." (*Id.* ¶ 21; Pls' Ex. 1 (TPP) at 2).

The Wilsons made the first five payments within the month they were due, and Fay accepted those payments. (Proposed Am. Compl. ¶ 22). They allege that they mailed the last payment due under the TPP (October 1, 2017), to the address provided by Fay for submission of TPP payments, by U.S. Postal Service, first-class mail, on September 25, 2017. (*Id.* ¶ 23). They contacted Fay on October 15, 2017, to inquire as to when the permanent modification would be sent to them for execution. (*Id.* ¶ 24). They contend that they spoke with a Fay loss mitigation representative named "Carlos." Carlos informed them that Fay had cancelled the TPP because they did not make the October 1, 2017 payment as agreed. (*Id.*).

On January 23 and April 20, 2018, defendants filed affidavits pursuant to Mass. Gen. Laws Ch. 224 §§ 35B, 35C in furtherance of their efforts to foreclose the mortgage and sell the subject property at the mortgagee's foreclosure sale. (*Id.* ¶ 26). Those affidavits were recorded in the Middlesex North Registry of Deeds. (*Id.*).

On September 11, 2018, defendants sent the Wilsons a notice of foreclosure sale indicating a date of October 4, 2018. (*Id.* ¶ 27). Defendants represent that the foreclosure sale went forward as scheduled. (Defs.' Mot. to Dismiss at 1).

### B. Procedural Background

The Wilsons filed suit in state court on October 1, 2018, prior to the scheduled foreclosure sale. The original complaint asserted claims against Wilmington Trust and Fay for

invalid foreclosure (Counts 1 and 2) and breach of contract (Count 3). Wilmington Trust and Fay removed the action to federal court on October 22, 2018.

Wilmington Trust and Fay moved to dismiss the complaint on November 12, 2018, for failure to state a claim upon which relief can be granted. In lieu of opposing the motion to dismiss, the Wilsons moved for leave to amend the complaint on November 16, 2018 to (1) include additional information that supports their original claim for breach of contract (Count 3); and (2) eliminate their claims under Counts 1 and 2.[3] The proposed amended complaint thus asserts a single claim against Wilmington Trust and Fay for breach of contract.

## II. Legal Standards

### A. Motion for Leave to Amend

Under Fed. R. Civ. P. 15, a party may amend its pleading once as a matter of course within 21 days after serving it, or within 21 days after service of a responsive pleading or motion under Fed. R. Civ. P. 12(b), (e), or (f). *See* Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend a pleading only with consent of the opposing party or leave of the court. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "The leave sought should be granted unless the amendment would be futile or reward undue delay." *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009). Amendment is futile if the proposed complaint would not survive a motion to dismiss. *See, e.g., Kemper Ins. Cos. v. Federal Express Corp.*, 115 F. Supp. 2d 116 (D. Mass. 2000).

### B. Motion to Dismiss

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and

---

[3] Nonetheless, the proposed amended complaint still alleges "attempted foreclosure," and seeks prospective relief in the form of an injunction preventing foreclosure and specific performance of the TPP. (*See* Proposed Am. Compl. ¶¶ 1-2, 29, 35, 43-44, 46-48).

5

give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

### III. Analysis

#### A. Motion for Leave to Amend

The original complaint was filed in state court on October 1, 2018. Defendants removed the action to federal court on October 22, 2018. Defendants moved to dismiss the complaint on November 12, 2018, for failure to state a claim upon which relief can be granted, raising several (apparently meritorious) challenges to Counts 1 and 2 of the complaint. The Wilsons moved to amend their complaint four days later, on November 16, 2018, to remove the two defective counts and to include "newly discovered" information concerning the breach-of-contract claim.

Because the Wilsons moved to amend their complaint well within 21 days after service of a motion under Fed. R. Civ. P. 12(b), their motion to amend is timely and no leave of court is

6

required. *See* Fed. R. Civ. P. 15(a)(1).

There are, however, questions of mootness and futility. The Wilsons filed the original complaint in Massachusetts state court on October 1, 2018, prior to a scheduled October 4, 2018 foreclosure sale. The court never enjoined the sale, which defendants represent went forward as scheduled. Some of the relief sought by the proposed amended complaint—in particular, an injunction preventing further foreclosure and specific performance of the TPP—may no longer be available in light of the foreclosure. However, other forms of relief sought (for example, monetary damages for breach of contract) have not been mooted. Ultimately, however, because the proposed amended complaint does not fail to state a claim, amendment is not futile. The motion to amend will therefore be granted.

B. **Motion to Dismiss**

In order to assert a claim for breach of contract in Massachusetts, plaintiff must allege "that there was a valid contract, that the defendant breached its duties under the contractual agreement, and that the breach caused the plaintiff damage." *Guckenberger v. Boston Univ.*, 957 F. Supp. 306, 316 (D. Mass. 1997) (citations omitted). The formation of a contract requires a bargain in which there is a manifestation of mutual assent to the exchange and a consideration. *Trifiro v. New York Life Ins. Co.*, 845 F.2d 30, 31-32 (1st Cir. 1988); RESTATEMENT (SECOND) OF CONTRACTS § 17. Defendants contend that the TPP is not an enforceable contract because it lacks consideration.[4]

A contract supported by consideration contains a "bargained-for exchange in which there

---

[4] Although defendants do not contend otherwise, the Court notes that multiple cases have held that a TPP "has the appearances of a contract," and is sufficient to survive a motion to dismiss. *Belyea v. Litton Loan Servicing, LLP*, 2011 WL 2884964, at *7-*9 (D. Mass. July 15, 2011); *In re Bank of America Home Affordable Modification Program (HAMP) Contract Litigation*, 2011 WL 2637222, at *3-*4 (D. Mass. July 6, 2011); *Stagikas v. Saxon Mortg. Services, Inc.*, 2011 WL 2652445, at *4-*5 (D. Mass. July 5, 2011); *Bosque v. Wells–Fargo Bank N.A.*, 762 F. Supp. 2d 342, 351-53 (D. Mass. 2011); *Durmic v. J.P. Morgan Chase Bank, NA*, 2010 WL 4825632, at *2-*4 (D. Mass. Nov. 24, 2010).

is a legal detriment of the promisee or a corresponding benefit to the promisor." *Durmic v. J.P. Morgan Chase Bank, NA*, 2010 WL 4825632, at *3 (D. Mass. Nov. 24, 2010) (quoting *Neuhoff v. Marvin Lumber & Cedar Co.*, 370 F.3d 197, 201 (1st Cir. 2004)). Invoking the pre-existing duty rule, defendants contend that because the Wilsons' partial monthly mortgage payments under the TPP went towards satisfying their undisputed pre-existing mortgage-loan obligations, the TPP payments cannot constitute new bargained-for consideration. *See In re Lloyd, Carr & Co.*, 617 F.2d 882, 890 (1st Cir. 1980).

Defendants are correct that modified mortgage payments, standing alone, would likely not constitute cognizable consideration under the TPP. According to the proposed amended complaint, however, the Wilsons' legal detriment consisted of more than the modified monthly payments. The proposed amended complaint alleges the TPP was supported by the following five forms of consideration:

- "[the Wilsons'] payments to Defendants, pursuant to the TPP";
- "[the Wilsons'] agreement to provide accurate employment, financial, and asset information, pursuant to the TPP and beyond that which is required pursuant to the Wilson Mortgage";
- "[the Wilsons'] agreement that title to the property is without other encumbrances, pursuant to the TPP";
- "[the Wilsons'] agreement to allow for escrow of taxes and insurance, pursuant to the TPP . . . . Moreover, credit scoring companies generally may consider entry into a TPP with reduced payments as an increased credit risk thereby potentially adversely affecting [the Wilsons'] credit scores"; and
- "[the Wilsons] voluntarily allowing to have their credit scores potentially adversely

8

affected by agreeing to the TPP".

(Proposed Am. Compl. ¶ 34).

As Judge Stearns noted in *Durmic*, "[u]nder the TPP, [plaintiffs] were required to provide documentation of their current income [and] make legal representations about their personal circumstances . . . . Plaintiffs could also be required to make payments into a newly established escrow account." 2010 WL 4825632 at *3. With the exception of "[the Wilsons'] payments to Defendants, pursuant to the TPP," these conditions all constitute new legal detriments to the Wilsons that flowed from their acceptance of the TPP. *See Wit v. Commercial Hotel Co.*, 253 Mass. 564, 572 (1925) ("The detriment to the promisee need not be real. It means giving up something which he had a right to keep, or doing something which he had a right not to do."); *Durmic*, 2010 WL 4825632 at *3 ("Plaintiffs were under no preexisting legal obligation to meet any of these conditions. The settled rule defines one type of valid consideration as consisting of a legal detriment to the promisee that entails even the slightest trouble or inconvenience." (citations omitted)).

Accordingly, the Wilsons have made sufficient allegations that the TPP was supported by consideration. As a result, the motion to dismiss the contract claim will be denied.

## IV.    Conclusion

For the foregoing reasons,

1. Plaintiffs' motion to amend the complaint is GRANTED.
2. Defendants' motion to dismiss is DENIED as to the claim for breach of contract (Count 1 of the amended complaint).

9

**So Ordered.**

                                                              /s/ F. Dennis Saylor
                                                              F. Dennis Saylor, IV
Dated: January 11, 2019                           United States District Judge